UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,

                                            Plaintiff,

                               v.                                          9:01-CV-473
                                                                              (FJS/RFT)

JOHN TALBOT, Auburn Correctional Facility;
RICHARD SMITH, Auburn Correctional
Facility; M.D. ANTHONY GRACEFFO,
Facility Health Services Director; HANS
WALKER; GARY HODGES, Deputy
Superintendent Auburn Correctional
Facility; GLEN GOORD, Commissioner of
D.O.C.S.; M.D. LESTER WRIGHT, Chief
Medical Officer of D.O.C.S.; UNITED
HEALTH CARE; ESTATE OF EDWARD
DANN; and JERRY S. LEONARD, Chief
Medical Officer for N.Y.S. D.O.C.S.,

                                            Defendants.
_____

**APPEARANCES**                                         **OF COUNSEL**

**RONALD DAVIDSON**
76-A-1166
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**               **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

In his second amended complaint, which he filed on May 13, 2003, *see* Dkt. No. 36, Plaintiff asserts several Eighth Amendment claims against various Defendants.[1] Specifically, he claims that, on or about April 6, 1998, Defendants Talbot and Smith attacked him and that subsequently Defendants Leonard and United Health Care denied him the medical care he needed to treat the injuries he suffered as a result of that attack. In addition, Plaintiff contends that Defendants Walker, Hodges and Dann authorized the use of force that caused his injuries. Finally, he alleges that Defendants Goord and Graceffo failed to intervene after he apprised them of his situation.

On June 1, 2004, Defendants Goord, Graceffo, Smith and Talbot moved for summary judgment on the ground that Plaintiff's complaint failed to state a claim against them upon which relief could be granted. Defendant Dann joined the motion after Plaintiff successfully effected service of process on him.

On March 31, 2005, Magistrate Judge Treece issued a Report-Recommendation and Order in which he recommended that this Court dismiss Plaintiff's claims against Defendants Walker, Hodges and Wright, upon whom Plaintiff had not successfully effected service. Alternatively, Magistrate Judge Treece recommended that the Court dismiss Plaintiff's claims against these Defendants because Plaintiff had not alleged that they were personally involved in

---

[1] Plaintiff filed his original complaint on April 3, 2001, *see* Dkt. No. 1, and an amended complaint on June 25, 2001, *see* Dkt. No. 6.

any of the alleged constitutional violations. Finally, with regard to Defendants Wright, Leonard,[2] and United Health Care Group, Magistrate Judge Treece recommended that this Court dismiss Plaintiff's claims against them because their actions, as alleged, did not amount to a constitutional violation.

Alternatively, with respect to the claims against Defendants Goord, Graceffo, Smith, Talbot and Dann, Magistrate Judge Treece found that Plaintiff had not exhausted all of his administrative remedies and further determined that none of Plaintiff's claims against these Defendants had any merit and could be dismissed on that ground alone.

For all of the above-stated reasons, Magistrate Judge Treece recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's second amended complaint in its entirety. Currently before the Court are Plaintiff's objections to that recommendation.

## II. DISCUSSION

**A.    Standards of review**

*1. Review of Magistrate Judge's report-recommendation*

"The Court reviews *de novo* those findings and recommendations in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which a party does not object." *Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *Thomas E. Hoar,*

---

[2] Magistrate Judge Treece noted that Plaintiff had omitted Defendant Leonard from both the caption and the "parties" section of his Second Amended Complaint, which replaced *in toto* all previous pleadings. *See* Report-Recommendation and Order at 15.

*Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). The district court has broad latitude when reviewing a report-recommendation and may reject or modify the entire report-recommendation or specific portions therein. *See Jermosen v. Coughlin*, No. 87 Civ. 6267, 1993 WL 267357, *2 (S.D.N.Y. July 9, 1993) (citing 28 U.S.C. § 636(b)(1)).

### 2. Summary judgment standard

A court will grant a motion for summary judgment only where "there is no genuine issue as to any material fact and when, based upon facts not in dispute, the moving party is entitled to judgment as a matter of law." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986)). "In assessing the record, [the court will resolve] all ambiguities and [draw all] reasonable inferences . . . in a light most favorable to the non-moving party." *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962) (per curiam)). Moreover, the court must construe a *pro se* litigant's pleadings and submissions more liberally than those that an attorney drafts. *See Baumann v. Walsh*, 36 F. Supp. 2d 508, 510 (N.D.N.Y. 1999) (citing *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991)). Nonetheless, even where the non-movant is a *pro se* litigant,

> [o]nce the movant has established a *prima facie* case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, . . ., or on the basis of conjecture or surmise.

*Bryant*, 923 F.2d at 982 (internal citation omitted).

**B.      Service of process and personal jurisdiction**

A plaintiff is responsible for the service of a summons and complaint upon each defendant in an action. *See* Fed. R. Civ. P. 4(c)(1). The plaintiff is also responsible for furnishing the person effecting that service with the documents necessary to do so. *See id.* If a plaintiff is incarcerated, the Clerk of the Court will have the U.S. Marshals Service effect service of process on the plaintiff's behalf pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). If a plaintiff does not effect service of his summons and complaint within 120 days after filing his complaint, the court may dismiss the action without prejudice as to any unserved defendant. *See* Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for his failure to effect service within the required time-frame, "the court shall extend the time for service for an appropriate period." *Id.*

Magistrate Judge Treece found that the Court did not acquire personal jurisdiction over Defendants Walker, Hodges, Wright, Leonard, or United Health Care because Plaintiff failed to effect service on these Defendants. On August 21, 2001, the Clerk of the Court issued summonses for all Defendants for whom Plaintiff had provided addresses. With regard to Defendant Leonard, service was returned with a note "not at address." *See* Report-Recommendation and Order at 4. "On February 1, 2002, Plaintiff filed a Motion for Injunctive Relief seeking an order from the Court directing (1) the U.S. Marshals Service 'to use their resources' to locate Defendant Leonard and serve him with process." *See id.*[3]

---

[3] In his Motion for Injunctive Relief, Plaintiff also requested the Court's aid in effecting service on the Estate of Dann. Plaintiff has correctly substituted the Estate of Dann in place of
(continued...)

Due to the relationship between United Health Care,[4] where Defendant Leonard was the President and Chief Executive Officer, and DOCS, Court staff wrote to the Deputy Counsel for DOCS to request an address for Defendant Leonard. *See id.* The Court also directed Defendants not to respond to Plaintiff's motion for injunctive relief until DOCS had responded to the Court's inquiry. *See id.* The Court further instructed the Marshals Service to explain to the Court, in writing, what efforts it had made to effect timely service on the remaining Defendants. *See id.* On May 2, 2002, the Court received a letter from DOCS Deputy Counsel with an address for Defendant Leonard. *See id.* at 5. On May 16, 2002, the Court received a response from the Marshals Service, in which it advised the Court that it had never received summonses, copies of the complaint, or USM-285 forms for any Defendants other than Defendants Leonard and Dann. *See id.*

Shortly thereafter, the Court directed the Clerk of the Court to reissue copies of the summonses and the amended complaint for each Defendant and to forward them to the Marshals Service for service on each Defendant. *See id.* The Court also instructed Plaintiff to fill out the necessary USM-285 forms for each Defendant. *See id.* Although the Clerk of the Court reissued the summonses, *see id.*, the summonses for Defendants Walker and Hodges were returned unexecuted with a note to Plaintiff informing him that the Marshals Service would require notification in writing should he desire to make further attempts at service. *See id.* The Marshals

---

[3](...continued)
Defendant Dann, the former Superintendent of Auburn Correctional Facility, who is deceased. Service on the Estate of Dann was accomplished; therefore, the Court has jurisdiction over this Defendant.

[4] It appears that Defendant United Health Care has a contract with DOCS to provide inmate medical services.

Service never received such notification.  *See id.*

Once again, on June 17, 2003, the Court revisited the issue of why a summons had not been returned for Defendant Leonard and asked the Marshals Service to provide the Court with a status report about its attempts to serve Defendants.  *See id.* at 6.  The Clerk of the Court reissued a summons for Defendant Leonard and informed Plaintiff that he had failed to provide USM-285 forms for "all defendants to be served."  *See id.*  On May 28, 2004, the summons for Defendant Leonard was returned unexecuted.  *See id.*  Plaintiff had provided the address for DOCS General Counsel, who was not designated as agent to accept process.  *See id.* at 7.

Finally, Magistrate Judge Treece found that the record was unclear what, if any, attempts the Marshals Service had made to serve Defendant Wright.  *See id.* at 15.  Nonetheless, Magistrate Judge Treece concluded that the Court did not have jurisdiction over Defendant Wright because he was never properly served with process.  *See id.*

The Court has reviewed the entire record in this case and finds that there is nothing to indicate that Plaintiff provided the appropriate summonses and USM-285 forms to the Marshals Service as the Court instructed him to do.  Moreover, Plaintiff does not object to Magistrate Judge Treece's conclusion that he did not effect service upon these Defendants.  *See, generally,* Dkt. No. 61.  Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion for summary judgment and dismisses Plaintiff's claims against Defendants **Walker, Hodges, Wright, Leonard and United Health Care** on the ground that the Court has not acquired personal jurisdiction over them.

**C.    Exhaustion of administrative remedies**

The Prison Litigation Reform Act ("PLRA") requires that, before commencing a suit in federal court, a prisoner must exhaust all available administrative remedies. *See Marvin v. Goord*, 255 F.3d 40, 42 (2d Cir. 2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

DOCS has established a three-step grievance process. *See Hemphill v. New York*, 380 F.3d 680, 682 (2d Cir. 2004). In the first step, an inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within fourteen calendar days of the incident about which he is complaining. *See id.* (footnote omitted). The IGRC has seven days to resolve the issue. *See id.* If the IGRC renders a decision adverse to the inmate, he may appeal that decision to the facility's superintendent. *See id.* If the inmate receives an unfavorable decision from the superintendent, he may appeal that decision to the Central Office Review Committee ("CORC"), which must render a decision within twenty working days. *See id.* (footnote omitted). Each step of the process is documented. *See id.* "Generally, if [an inmate] fails to complete this three-step process prior to commencing his § 1983 litigation, the court will conclude that he has not exhausted his administrative remedies." *Hoover v. Hardman*, No. 9:99-CV-1855, 2005 WL 1949890, *2 (N.D.N.Y. Aug. 15, 2005) (citing *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 347-48 (S.D.N.Y. 2002); *Reyes v. Punzal*, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002)).

Magistrate Judge Treece determined that Defendants had submitted evidence that Plaintiff had not provided adequate notice of his grievance stemming from the incident which

allegedly occurred on or about April 6, 1998. Therefore, he recommended that the Court dismiss Plaintiff's claims due to his failure to exhaust his administrative remedies.

Plaintiff objects to this recommendation, stating that he did file all required grievances and appeals with DOCS. *See* Dkt. No. 61 at ¶ 14. Plaintiff further asserts that, even if he did not file all of the necessary grievances and appeals, the overwhelming number of appeals that he did file, and which Defendants acknowledge, identified the parties involved in the attack and alerted all Defendants to the nature of the problems and the means to remedy some or all of them. *See id.* at ¶¶ 14-15. Plaintiff also argues that he provided more information than CORC requires. *See id.* at ¶ 17. Finally, Plaintiff contends that he did not need to include more information in his grievance because all that is required is that an inmate provide "enough information about the conduct complained of which allows prison officials to take appropriate responsive measures." *See id.* at ¶ 19.

Although Plaintiff argues that he exhausted his administrative remedies, he does so in conclusory terms and without providing any facts or documentation to refute Defendants' evidence that he did not exhaust these remedies. Accordingly, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion for summary judgment dismissing Plaintiff's second amended complaint on the ground that he failed to exhaust his administrative remedies with regard to any of his claims.

**D.     The merits of Plaintiff's claims**[5]

   ***1. Plaintiff's claims against Defendants Graceffo, Goord and Dann***

In order for a defendant to be liable under § 1983, he must have been personally involved in the alleged deprivation of an inmate's constitutional rights. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Hoover*, 2005 WL 1949890, at *4 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)) (footnote omitted).

For purposes of a § 1983 claim, absent a showing of some personal responsibility, the general doctrine of respondeat superior is insufficient to hold a supervisor liable for the actions of his subordinates. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted).

Magistrate Judge Treece found that Plaintiff had failed to allege in what manner, when and why Defendant Dann sanctioned the alleged use of force. Furthermore, he concluded that the fact that Plaintiff might have written a letter to Defendant Goord and that he might have had a conversation with Defendant Graceffo were insufficient to hold those Defendants liable for any

---

   [5] Although the Court has concluded that Plaintiff failed to exhaust his administrative remedies, it will, nonetheless, address the merits of his claims against those Defendants upon whom he successfully effected service of process.

alleged violation of Plaintiff's constitutional rights. Specifically, Magistrate Judge Treece noted that Plaintiff had not alleged the dates on which he contacted Defendants Goord and Graceffo nor had he provided copies of any correspondence. Finally, Magistrate Judge Treece found that Plaintiff had failed to allege, with sufficient particularly, the dates on which he was denied medical care.

Plaintiff objects, arguing that he alerted all Defendants to the nature of his problems and the means to remedy them. *See* Dkt. No. 61 at ¶ 15. Plaintiff also claims that his grievance and complaint provided more than fair notice of his claim against Defendant Wright. *See id.* at ¶ 24.

Despite Plaintiff's arguments to the contrary, he has failed to come forward with any evidence to create a triable issue of fact with regard to his claims against these Defendants. There is nothing in the record to indicate that these Defendants directly participated in the alleged violations of his constitutional rights, failed to remedy any alleged violations, were grossly negligent, or exhibited deliberate indifference to Plaintiff's rights. Nor has Plaintiff come forward with any evidence concerning when he contacted Defendants Goord or Graceffo, and the mere assertion that Defendant Goord ignored his letter is insufficient to establish personal involvement.

More specifically, with respect to Defendant Graceffo, Plaintiff merely alleges that he denied him an MRI and failed to intervene on his behalf when alerted to the situation. These allegations fall far short of constituting a constitutional violation. Plaintiff does not have a constitutional right to any medical treatment that he deems necessary. Rather, he must establish that Defendants were deliberately indifferent to a serious medical need. In this case, however, there is nothing in the record to indicate either that Plaintiff suffered from an objectively serious

-11-

medical condition or that Defendant Graceffo acted with deliberate indifference.

Finally, with regard to his claims against Defendant Dann, Plaintiff does not provide any details about how, why, or when Defendant Dann sanctioned a use of force against him. Nor does Plaintiff allege that Defendant Dann created a policy under which the alleged use of force occurred.

Accordingly, for all of the above-stated reasons, the Court adopts Magistrate Judge Treece's recommendation and grants Defendants' motion for summary judgment with regard to Plaintiff's claims against Defendants Goord, Graceffo and Dann.

### *2. Plaintiff's claims against Defendants Talbot and Smith*

"'"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quotation omitted). Moreover, a correction officer's excessive use of force may constitute cruel and unusual punishment even if it does not result in a serious injury to the inmate. *See id.* at 7. "'[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."'" *Id.* at 6 (quotation omitted); *see also Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). Finally, an excessive force claim has an objective and a subjective component. *See Hudson*, 503 U.S. at 8. "[C]ourts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* (citation omitted).

Magistrate Judge Treece noted that, because Plaintiff failed to specify the time, place and circumstances surrounding the alleged attack, Defendants were at a disadvantage in mounting a defense against Plaintiff's unsupported and unsubstantiated claims. Furthermore, he found that the facility logs from the day the alleged attacks occurred, April 6, 1998, did not support Plaintiff's excessive force claim because those logs indicated that no complaints regarding the use of force or injuries were lodged on that date. Furthermore, Defendants submitted the declarations of non-parties that support their assertion that an attack never occurred. In addition, Magistrate Judge Treece concluded that Plaintiff's theory that the entire staff covered up the assault was without merit. Finally, Magistrate Judge Treece recommended that the Court dismiss Plaintiff's claim that he was attacked in retaliation for filing claims against Defendants Talbot's and Smith's co-workers because Plaintiff failed to allege when he filed such grievances.

Plaintiff objects to these recommendations, asserting, in conclusory terms, that his pleadings are sufficient to withstand Defendants' motion for summary judgment.

There is nothing in the record upon which this Court could base a finding that Defendants acted with a "sufficiently culpable state of mind" or that the injuries that Plaintiff sustained were "harmful enough" to establish a constitutional violation. Moreover, not only has Plaintiff failed to come forward with any facts to substantiate his claims against Defendants Talbot and Smith, but the documentary evidence demonstrates that Plaintiff did not file a grievance about the excessive use of force. Accordingly, the Court grants Defendants' motion for summary judgment and dismisses Plaintiff's claims against Defendants Talbot and Smith.

**E.     Recusal**

In his objections, Plaintiff asserts that Magistrate Judge Treece should have recused himself because of a conflict of interest arising out of his involvement in one of Plaintiff's prior cases when Magistrate Judge Treece was an Assistant Attorney General for the State of New York.[6]

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In particular, a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party" in the case before the court. 28 U.S.C. § 455(b)(1). "In determining whether recusal is warranted, the test of impartiality is 'what a reasonable person, knowing and understanding all the facts and circumstances, would believe.'" *S.E.C. v. Grossman*, 887 F. Supp. 649, 658 (S.D.N.Y. 1995) (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1309 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102, 109 S. Ct. 2458, 104 L. Ed. 2d 1012 (1989)) (other citation omitted).

In support of his argument, Plaintiff asserts that Magistrate Judge Treece was the Assistant Attorney General who represented the defendants in one of Plaintiff's previous cases, *Davidson v. Henderson*, 90-CV-1226. *See* Dkt. No. 61 at ¶ 6. Plaintiff also states that he is well-known in the Attorney General's office and, as such, Magistrate Judge Treece must have recognized his name. *See id.* at ¶ 10. Finally, Plaintiff notes that, in his Report-Recommendation, Magistrate Judge Treece listed all of Plaintiff's cases and, thus, should have recognized that he had handled at least one of them. *See id.*

---

[6] Magistrate Judge Treece did not have the opportunity to address this issue because Plaintiff raised this argument for the first time in his objections.

The Court is not convinced that these allegations are sufficient to support a conclusion that Magistrate Judge Treece's impartiality could reasonably be questioned. The Court need not decide this issue, however, because it is this Court, not Magistrate Judge Treece, that is the final decision maker; and, in that capacity, this Court has conducted a *de novo* review of Plaintiff's claims and reached the above-stated conclusions independently of those of Magistrate Judge Treece.

### III. CONCLUSION

After reviewing Magistrate Judge Treece's March 31, 2005 Report-Recommendation and Order, Plaintiff's objections thereto, the relevant parts of the record and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Treece's March 31, 2005 Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: July 5, 2006
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge